## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK
## ROCHESTOR DIVISION

| | | |
|---|---|---|
| **BOBBY ROPER,** | § | Civil Action No. 6:22-cv-06310 |
| **Individually and on behalf** | § | |
| **of all others similarly situated** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Plaintiff,* | § | |
| | § | **COLLECTIVE ACTION** |
| v. | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| | § | |
| **SUTHERLAND GLOBAL** | § | |
| **SERVICES, INC.** | § | **CLASS ACTION** |
| | § | **PURSUANT TO FED. R. CIV. P. 23(b)(3)** |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff, Bobby Roper ("Roper" or "Plaintiff"), brings this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked remotely for Sutherland Global Services, Inc. (hereinafter "Defendant" or "Sutherland"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b); and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the additional Texas state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1.        This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and a class action pursuant to the state laws of Texas and FED. R. CIV. PROC. 23 to recover unpaid straight time, and other applicable penalties.

2.        Plaintiff and the Putative Class Members are those similarly situated call-center employees who have worked for Sutherland remotely throughout the United States, at any time during the relevant statutes of limitation and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.        Specifically, Sutherland has enforced a uniform company-wide policy wherein it improperly required (and continues to require) its non-exempt hourly call-center employees who work remotely—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay in violation of state and federal law.

4.        Sutherland's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.        Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.         Sutherland knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).

7.      Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or relevant state law.

8.      Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and other damages owed under the state laws of Texas as a class action pursuant to Federal Rule of Civil Procedure 23.

9.      Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.     Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Roper designated herein be named as Class Representative for the Texas Common-Law Class.

## II.
## THE PARTIES

11.     Plaintiff Bobby Roper ("Roper") was employed by Sutherland in Arlington, Texas during the relevant time period. Plaintiff Roper did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12.     The FLSA Collective Members are those current and former hourly call-center employees who were employed remotely by Sutherland at any time from March ___, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Roper worked and was paid.

13.     The Texas Class Members are those current and former hourly call-center employees who were employed remotely by Sutherland in Texas, at any time from March ___, 2018, through the

---

[1] The written consent of Bobby Roper is hereby attached as Exhibit "A."

final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Roper worked and was paid.

14.     Defendant Sutherland Global Services, Inc. ("Sutherland") is a domestic for-profit corporation, organized under the laws of the State of New York and may be served with process through its chief executive officer, Dilip Vellodi, or any other officer, managing agent, or other agent authorized to receive service, at its corporate headquarters: **Sutherland Global Services Inc., 1160 Pittsford Victor Road, Pittsford, New York 14534.**

### III.
### JURISDICTION & VENUE

15.     This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16.     This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

17.     This Court has personal jurisdiction over Sutherland because Sutherland's conduct within this District and Division.

18.     Venue is proper in the Western District of New York because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred

19.     Specifically, Sutherland's corporate headquarters are located in Pittsford, New York which is located within this District and Division.

20.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

21.     Sutherland is a business process outsourcing company with locations across the United States, United Arab Emirates, the Philippines, Mexico, Great Britain, India, China, and Canada

22.     To provide its services, Sutherland employed (and continues to employ) thousands of remote hourly call-center employees throughout the United States—Plaintiff and the Putative Class Members—who assist Sutherland's clients' customers.

23.     Plaintiff and the Putative Class Members' job duties generally consisted of answering phone calls made by Sutherland's clients' customers, answering customer inquiries, troubleshooting on behalf of customers, and generally assisting customers.

24.     Plaintiff Roper has been employed as a remote Customer Service Representative in Texas since approximately July 2020.

25.     Plaintiff and the Putative Class Members are non-exempt remote call-center employees that were (and continue to be) paid by the hour.

26.     Plaintiff and the Putative Class Members typically worked (and continue to work) approximately forty (40) "on-the-clock" hours per week.

27.     On some occasions, Plaintiff and the Putative Class Members would work less than forty (40) hours in a week.

28.     In addition to their scheduled "on-the-clock" hours, Plaintiff and the Putative Class Members worked (and continue to work) up to two (2) hours "off-the-clock" per week for which they were not compensated.

29.     In weeks in which Plaintiff and the Putative Class Members worked forty (40) or more hours in a week, the off-the-clock work qualified as unpaid overtime.

30.     In weeks in which Plaintiff and the Putative Class Members worked less than forty (40) hours in a week, the off-the-clock work would qualify as unpaid straight time.

31.     Sutherland employed (and continues to employ) other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

32.     Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Sutherland resulting in the complained of FLSA and state law violations alleged herein.

## Unpaid Start-Up Time

33.     Plaintiff and the Putative Class Members were not (and continue to not be) compensated for all the hours they worked for Sutherland as a result of Sutherland's corporate policy and practice of requiring all remote call-center employees to be ready to take their first phone call the moment their official shift starts.

34.     Specifically, Plaintiff and the Putative Class Members have been required to start and log into their computer, open multiple different Sutherland computer programs, log in to each Sutherland program, and ensure that each Sutherland program is running correctly in order to take their first phone call, which comes in as soon as their official shift starts.

35.     This process can take anywhere from five (5) minutes up to more than twenty (20) minutes each day.

36.     If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

37.     If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

38.     Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

39.     Although this start-up time is necessary and integral to their job duties, Plaintiff and the Putative Class Members have not been compensated for this time.

40.    Sutherland has required Plaintiff and the Putative Class Members to be ready to accept their first customer call the moment the employee's official shift starts.

41.    Sutherland also required Plaintiff and the Putative Class Members to log on and have all their requisite computer programs running before their first phone call at the start of their official shift.

42.    As such, Sutherland required (and continues to require) that Plaintiff and the Putative Class Members perform these start-up tasks "off-the-clock" before their official shift begins.

## Unpaid Work During Meal Period Breaks

43.    Sutherland provides Plaintiff and the Putative Class Members with one unpaid 30-minute meal break each day.

44.    However, Sutherland requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid meal break.

45.    Plaintiff and the Putative Class were (and continue to be) required to stay on the clock and on call until the minute their meal break begins, clock out, then log out of the phone system or otherwise go into an aux mode, and then log off their computer prior to leaving their desk for their meal break.

46.    Plaintiff and the Putative Class Members were (and continue to be) required to log back into their computer, log back into the phone system, then clock in, and be back on the phone right at the moment their meal break ends.

47.    The log off process used during the meal break can take one (1) to three (3) minutes.

48.    The log in process used when returning from a meal break can take one (1) to three (3) minutes.

49.    This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' meal break per Sutherland's policy.

50.     As a result of Sutherland's policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks off-the-clock before the beginning of their shifts, to perform their computer shut down tasks after the end of their shift, and to perform log-in and log-out processes during their unpaid meal period breaks, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

51.     Sutherland was (and continues to be) aware of its obligation to pay Plaintiff and the Putative Class Members for all hours worked and pay the proper amount of overtime for all hours worked in excess of forty (40) each week but has failed to do so.

52.     Because Sutherland did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Sutherland's pay policies and practices violate the FLSA, and the state laws of Texas alleged herein.

53.     Because Sutherland did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Sutherland's pay policies and practices willfully violate the FLSA.

54.     Because Sutherland did not pay Plaintiff and the Putative Class Members for all straight-time hours worked, Sutherland's pay policies and practices also violate the state laws of Texas.

### V.
### CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.      FLSA COVERAGE**

55.     All previous paragraphs are incorporated as though fully set forth herein.

56.     The FLSA Collective is defined as:

**ALL REMOTE HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY SUTHERLAND GLOBAL SERVICES, INC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MARCH ___, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

57.     At all times hereinafter mentioned, Sutherland has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

58.     At all times hereinafter mentioned, Sutherland has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

59.     At all times hereinafter mentioned, Sutherland has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

60.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Sutherland, these individuals have provided services for Sutherland that involved interstate commerce for purposes of the FLSA.

61.     In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

62.     Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt remote hourly call-center employees of Sutherland who assisted Sutherland's customers throughout the United States. 29 U.S.C. § 203(j).

63.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

64.     In violating the FLSA, Sutherland acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

65.     Indeed, Sutherland chose to pay for the startup times of its brick-and-mortar employees and to not to pay for the same start up times for its at-home workforce.

66.     The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 56.

67.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Sutherland.

## B.      FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

68.     All previous paragraphs are incorporated as though fully set forth herein.

69.     Sutherland has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

70.     Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Sutherland's acts or omissions as described herein; though Sutherland is

in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

71.     Moreover, Sutherland knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

72.     Sutherland knew or should have known its pay practices were in violation of the FLSA.

73.     Sutherland is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

74.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Sutherland to pay them according to the law.

75.     The decision and practice by Sutherland to not pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

76.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     FLSA COLLECTIVE ACTION ALLEGATIONS

77.     All previous paragraphs are incorporated as though fully set forth herein.

78.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Sutherland's remote call-center employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

79.     Other similarly situated employees of Sutherland have been victimized by Sutherland's patterns, practices, and policies, which are in willful violation of the FLSA.

80.     The FLSA Collective Members are defined in Paragraph 56.

81.     Sutherland's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Sutherland, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

82.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

83.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

84.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

85.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

86.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Sutherland will retain the proceeds of its rampant violations.

87.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

88.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 56 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A.    VIOLATIONS OF TEXAS COMMON LAW**

89.    Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

90.    Plaintiff Roper further brings this action pursuant to the equitable theory of *quantum meruit. See Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. v. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

91.    The Texas Class is defined as:

**ALL REMOTE HOURLY CALL-CENTER EMPLOYEES WHO HAVE BEEN EMPLOYED BY SUTHERLAND GLOBAL SERVICES, INC. IN TEXAS, AT ANY TIME FROM MARCH \_\_\_, 2018, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Class" or "Texas Class Members").**

92.    Plaintiff Roper and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Sutherland.

93.    These claims are independent of Plaintiff Roper's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

94.    Plaintiff Roper and the Texas Class Members provided valuable services for Sutherland, at Sutherland's direction and with Sutherland's acquiescence.

95.    Plaintiff Roper and the Texas Class Members conferred a valuable benefit on Sutherland because they provided services to Sutherland while not on the clock—during their respective computer start-up times, compensable breaks, and after their shifts ended—without compensation.

96.     Sutherland accepted Plaintiff Roper and the Texas Class Members' services and benefited from their timely dedication to Sutherland's policies and adherence to Sutherland's schedule.

97.     Sutherland was aware that Plaintiff Roper and the Texas Class Members expected to be compensated for the services they provided Sutherland.

98.     Sutherland has therefore benefited from services rendered by Plaintiff Roper and the Texas Class Members, and it is inequitable for Sutherland to retain the benefit of Plaintiff Roper and the Texas Class Members' services without paying fair value for them.

99.     Plaintiff Roper and the Texas Class Members are thus entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.     TEXAS CLASS ALLEGATIONS**

100.     Plaintiff Roper brings his Texas claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Sutherland to work in Texas since March ____, 2018. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

101.     Class action treatment of the Texas Class Members is appropriate because, as alleged below, all of the Federal Rule of Civil Procedure 23's class action requisites are satisfied.

102.     The number of Texas Class Members is so numerous that joinder of all class members is impracticable.

103.     The claims alleged by Plaintiff Roper share common issues of law and fact with the claims of the Texas Class Members.

104.     Plaintiff Roper is a member of the Texas Class, his claims are typical of the claims of the other Texas Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Texas Class Members.

105.     Plaintiff Roper and his counsel will fairly and adequately represent the Texas Class Members and their interests.

---

106.     Class certification is appropriate under the Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

107.     Accordingly, the Texas Class should be certified as defined in Paragraph 91.

## VI.
## RELIEF SOUGHT

108.     Plaintiff respectfully prays for judgment against Sutherland as follows:

a.     For an Order certifying the FLSA Collective as defined in Paragraph 56 and requiring Sutherland to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.     For an Order certifying the Texas Class as defined in Paragraph 91 and designating Plaintiff Roper as the Class Representative of the Texas Class;

c.     For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d.     For an Order pursuant to Section 16(b) of the FLSA finding Sutherland liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

e.     For an Order pursuant to Texas common law awarding Plaintiff Roper and the Texas Class Members unpaid straight time wages and other damages allowed by law;

f.     For an Order awarding costs and expenses of this action;

g.     For an Order awarding attorneys' fees;

    h.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    i.  For an Order awarding Plaintiff Roper a service award as permitted by law;

    j.  For an Order compelling the accounting of the books and records of Sutherland, at Sutherland's own expense; and

    k.  For an Order granting such other and further relief as may be necessary and appropriate.

Date:   July 20, 2022                    Respectfully submitted,

                                         ANDERSON ALEXANDER, PLLC

                              By:        /s/ Clif Alexander
                                         **Clif Alexander** *(Pro Hac Vice Anticipated)*
                                         Texas Bar No. 24064805
                                         clif@a2xlaw.com
                                         **Austin W. Anderson** *(Pro Hac Vice Anticipated)*
                                         Texas Bar No. 24045189
                                         austin@a2xlaw.com
                                         819 N. Upper Broadway
                                         Corpus Christi, Texas 78401
                                         Telephone: (361) 452-1279
                                         Facsimile: (361) 452-1284


                                         FERR & MULLIN, P.C. (Local Counsel)

                                         /s/ *Robert Mullin*
                                         Robert Mullin
                                         New York Bar No. 4549739
                                         40 Wildbriar Road, Suite 100
                                         Rochester NY  14623
                                         T 585-869-0210
                                         F 585-869-0211
                                         rlmullin@FerrMullinLaw.com


                                         ***Counsel for Representative Plaintiff and Putative***
                                         ***Collective/Class Members***